UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CESAR R. BURGOS                                             CIVIL ACTION

VERSUS                                                      NO: 14-531

SCOTTSDALE INSURANCE COMPANY                                SECTION: R

**ORDER AND REASONS**

Defendant Scottsdale Insurance Company moves the Court to dismiss this case without prejudice under Federal Rule of Civil Procedure 12(b)(5).[1] Because plaintiff's service of process on defendant did not comply with Louisiana law, and because plaintiff has not shown good cause for his failure to effect proper service, the Court GRANTS defendant's motion and dismisses plaintiff's complaint without prejudice.

I.  BACKGROUND

Plaintiff Cesar Burgos filed this lawsuit against Scottsdale in Louisiana state court on August 27, 2013, alleging that Scottsdale improperly adjusted a claim Burgos made for damages his property suffered as a result of Hurricane Isaac.[2] Scottsdale was served with plaintiff's petition for damages on February 26, 2014,[3] and it removed this case to federal court on March 11, 2014 on the

---

[1]   R. Doc. 4.

[2]   R. Doc. 1-3 at 1-3.

[3]   *Id.* at 13.

basis of diversity jurisdiction.[4] Scottsdale expressly reserved all defenses and objections to plaintiff's complaint in its Notice of Removal.[5]

Scottsdale now moves to dismiss plaintiff's complaint without prejudice pursuant to Rule 12(b)(5), arguing that plaintiff failed to request service of his state court petition on defendant within the time period allowed by Louisiana Code of Civil Procedure article 1201(C).[6] Plaintiff has not responded to Scottsdale's motion.

## II. LEGAL STANDARD

Rule 12(b)(5) allows a defendant to challenge as insufficient the method of service attempted by the plaintiff. "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam); *accord Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013).

Because Burgos served Scottsdale before Scottsdale removed this case to federal court, the Court must apply Louisiana law to determine the validity of service. *Freight Terminals Inc. v. Tyder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972) ("[T]he district

---

[4]   *See* R. Doc. 1.

[5]   *Id.* at 4.

[6]   R. Doc. 4.

2

court must look to state law to ascertain whether service was properly made prior to removal . . . ."); *see also Sal Ciolino & Assocs. v. First Extended Serv. Corp.*, 156 F. App'x 621, 622 (5th Cir. 2005); *Hutchinson v. Dollar Gen. Corp.*, Civil Action No. 07-574, 2008 WL 1803778, at *2 (M.D. La. Apr. 18, 2008); *Castillo v. St. Charles Corr. Ctr.*, No Civ. 06-0043, 2006 WL 4027292, at *5 (E.D. La. Aug. 15, 2006); *McKinley v. Sanderson Farms, Inc.*, No Civ.A. 06-0044, 2006 WL 901831, at *1 (E.D. La. Apr. 6, 2006). Under Louisiana law, service of a citation must "be requested on all named defendants within ninety days of commencement of the action." La. Code Civ. P. art. 1201(C). If a plaintiff fails to request service on a defendant within the required time period, "[a] judgment dismissing [the] action without prejudice shall be rendered as to [that defendant] . . . unless good cause is shown why service could not be requested." La. Code Civ. P. art. 1672(C). "Louisiana courts strictly construe the good cause requirement of article 1672(C)." *Barnett v. La. State Univ. Med. Ctr.-Shreveport*, 841 So. 2d 725, 726 (La. 2003); *see also Hutchinson*, 2008 WL 1803778, at *3 ("Louisiana, as a matter of policy, commands strict adherence to articles 1201(C) and 1672(C).").

## III. DISCUSSION

Burgos filed his state court petition on August 27, 2013,[7] and

---

[7]   R. Doc. 1-3 at 1.

3

requested that the court hold service on Scottsdale.[8] Scottsdale was not actually served until February 26, 2014, roughly six months after the petition was filed.[9] Thus, it appears that Burgos did not request service on Scottsdale within the ninety-day period allowed by Louisiana Code of Civil Procedure article 1201(C).[10] Burgos -- who, as the serving party, has the burden of proving that service was proper, see *Shabazz*, 515 F. App'x at 264 -- has presented no evidence tending to contradict this conclusion, nor has he shown good cause for his failure to comply with the statute. Accordingly, the Court must dismiss this action without prejudice pursuant to Louisiana Code of Civil Procedure article 1672(C). *See Sal Ciolino*, 156 F. App'x at 622; *Hutchinson*, 2008 WL 1803778, at *3-5.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion and dismisses plaintiff's complaint without prejudice.

New Orleans, Louisiana, this 28th day of April, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[8]   *Id.* at 3.

[9]   R. Doc. 1 at 1; R. Doc. 1-3 at 13.

[10]  *See* R. Doc. 1-3 at 13.